## DANIEL E. DEVLIN, AND LOUIS C. ROBERTS, CO-PARTNERS, DOING BUSINESS AS DEVLIN AND ROBERTS

### *v.*

### STATE OF ILLINOIS.

#### *Opinion filed September 20, 1920.*

LEGISLATIVE COMMITTEE—*employees when not entitled to recover for services.* An employee of a Legislative Committee cannot recover for services rendered after the *sine die* adjournment of the Legislature.

SAME—The Senate should have provided for the payment for the services and expenses of the employees of its Committee.

NON-LIABILITY OF STATE—*when the State is not liable.* The State cannot be held liable for the payment of the expenses of a committee unless such committee was authorized by an Act, or Joint Resolution of the Legislature.

BURDEN OF PROOF—*burden of proof is upon claimant.* The burden of proof is upon the claimant to show that the services were rendered before the final adjournment of the Legislature.

Edward J. Brundage, Attorney General, for State.

The Attorney General admits that there is no dispute about the facts in this case. It appears from the declaration and evidence that in the year 1915, the State Senate of the 49th General Assembly appointed a committee to investigate the Board of Education of the City of Chicago; that the claimants were appointed by the committee as official reporters, to report the proceedings of said committee, at the rate of two dollars ($2.00) per hour for attendance, and fifty cents (50c) per page for the first copy, fifteen cents (15c) per page for the second copy, and ten cents (10c) per page for each succeeding copy of the transcript; that the committee commenced hearings on July 9, 1915, and ended on September 30, 1915, during which time claimants attended said hearings and performed their duties as official reporters. Claimants have attached an itemized bill for services, as agreed, amounting to $1,555.25.

There is no dispute as to the correctness of the amount of the claim. The evidence shows that these services were performed, and that claimants have not been paid therefor.

The Attorney General, for the State demurrs to the declaration, and says that as a matter of law, claimants are not entitled to recover, and cites the case of *Fergus* v. *Russell,* 270 Ill., 304, and especially refers to page 344 of said decision. It appears from the evidence that this was a committee appointed by resolution of the Senate; that it was not authorized or appointed by a joint resolution of the Legislature

—7 C C

and it would appear that the Senate in appointing such committee, should have provided for the payment of its expenses. The State cannot be held liable for the reason that the appointment of said committee was not authorized by Act or resolution of the Legislature. Claimant contends that the decision in the Fergus case is not in point because it is not shown that the services were performed after the sine die adjournment of the Legislature. The services were performed after July 1, 1915, when the Legislature is presumed to have adjourned, and when all acts of the Legislature approved by the Governor, came into force.

It seems to us that claimants, being bound to establish their case, must show that the services were rendered before the committee, prior to the sine die adjournment of the Legislature.

For these reasons, we do not think the State is liable under the law, and the claim is therefore rejected.

We find that the matters set forth in the declaration, are true, and that these services were performed by the claimants according to an agreement made with said Senate Committee, and that according to said agreement, the total amount of same is $1,555.25. While, under the law, the State is not liable for the payment of this claim, the Senate Committee should have made provision for the payment thereof before incurring same, and it would be no more than an act of justice for the Legislature to make an appropriation for the payment of this claim.